Maryanne KELLER, Pauline York, Diana Degette, Douglas Garrett, John W. Singletary, and Lila Pedroza, Plaintiffs,

v.

Donetta DAVIDSON, Secretary of State, Colorado General Assembly, and Bill Owens, Governor of the State of Colorado, Defendants.

No. Civ.A.03–Z–1482(CBS).

United States District Court,
D. Colorado.

Oct. 15, 2004.

David Richard Fine, Kelly/Haglund/Garnsey & Kahn LLC, Denver, CO, for Plaintiffs and Counter–Defendants.

Richard C. Kaufman, Friedlob, Sanderson, Paulson & Tourtillott, LLC, Denver, CO, for Defendants and Counter–Defendants.

Richard A. Westfall, Hale Hackstaff Friesen, LLP, Denver, CO, for Defendants.

Before EBEL, Circuit Judge, and PORFILIO, Senior Circuit Judge of the United States Court of Appeals for the Tenth Circuit, and WEINSHIENK, Senior District Judge of the United States District Court for the District of Colorado.

**ORDER**

WEINSHIENK, Senior District Judge.

On January 23, 2004, we entered a Memorandum Opinion and Order denying the Colorado General Assembly and Governor Owens' Motion to File Amended Counterclaims and staying these proceedings until the Colorado Supreme Court's ruling in *People ex rel. Salazar v. Davidson*, 79 P.3d 1221 (Colo.2003) became final. In a Memorandum Opinion and Order we also stated that "[i]f the *Salazar* opinion becomes final in its current version, we will then dismiss the federal claims on the basis of issue preclusion and we will dismiss the pendant state claims as moot." *Keller v. Davidson*, 299 F.Supp.2d 1171, 1183 (D.Colo.2004).

The General Assembly's petition for certiorari from the United States Supreme Court was denied on June 7, 2004, and the 25–day period in which to file a petition for rehearing from the Supreme Court has now lapsed. *See* Sup.Ct. R. 44(2). The Colorado court's decision in *Salazar v. Davidson* is therefore now final. Accordingly, we hereby

GRANT Davidson's motion for substitution of counsel, DISMISS the Defendants' counterclaims as barred by issue preclusion, and DISMISS Plaintiffs' claims, and DENY any outstanding motions in this case, as moot.